# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:01-CR-00016-GCM

| | |
|---|---|
| UNITED STATES, | |
| Plaintiff, | |
| v. | **ORDER** |
| TYE LANFORD SARRATT, | |
| Defendant. | |

**THIS MATTER** comes before the Court upon the pro se Motion for Compassionate Release/Reduction of Sentence (ECF Doc. 52), filed by Tye Lanford Sarratt. For the reasons indicated herein, the Court concludes that a response from the Government is not necessary and that the Motion should be **DENIED**.

In relevant part, Title 18 of the United States Code, Section 3582, allows a defendant to file a motion seeking to modify his sentence for "extraordinary and compelling reasons," after the defendant has exhausted "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (2018). If these exhaustion requirements are met, then the Court may reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable," if the court finds "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The defendant bears the burden of establishing that he or she is

entitled to a sentence reduction. *United States v. Jackson*, No. 3:90-cr-85-MOC-DCK, 2021 WL 2226488, at *3 (W.D.N.C. June 2, 2021).

Here, Defendant has not met his burden of establishing that any extraordinary or compelling reasons warrant a sentence reduction. Defendant states in a conclusory manner that he "has an extraordinary family and sentence issue" and that there are extraordinary and compelling reasons to reduce his sentence. However, Defendant provides no facts to support these claims and, thus, the Court cannot meaningfully review whether a sentence reduction would be appropriate. Therefore, the Court must deny Defendant's Motion.

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release/Reduction of Sentence (ECF Doc. 52) is **DENIED**.

**SO ORDERED**.

Signed: July 23, 2021

Graham C. Mullen
United States District Judge