IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 3:01-CR-00016-GCM

| UNITED STATES OF AMERICA | |
|---|---|
| v. | **ORDER** |
| TYE LANFORD SARRATT, | |
| Defendant. | |

**THIS MATTER** comes before the Court on Defendant Tye Lanford Sarratt's pro se Motion for Reconsideration (ECF No. 63). Sarratt urges the Court to reconsider its order denying his second motion for compassionate release. *See* ECF No. 62. The motion will be denied.

Sarratt first argues that the Court should not have considered a carjacking incident in DeKalb County, Georgia, when assessing the § 3553(a) factors. *See* ECF No. 63 at 1; ECF No. 62 at 1–2, 9. Sarratt claims that he was not involved in that offense, and says that Georgia prosecutors dismissed the carjacking charges against him. But Sarratt fails to account for the expansive nature of sentencing proceedings, which permit courts to consider uncharged and even acquitted conduct in determining a sentence. *See* U.S.S.G § 1B1.3; *United States v. Grubbs*, 585 F.3d 793, 799 (4th Cir. 2009). Accordingly, it was proper for the Court to consider the offense conduct from DeKalb County as detailed in the presentence report.

Next, Sarratt argues that he was improperly sentenced as a career offender. *See* ECF No. 63 at 3. It is true that the Fourth Circuit's decision in *United States v. Simmons* retroactively changed the method of assessing career offender status. *See United States v. Simmons*, 649 F.3d 237, 244 (4th Cir. 2011) (en banc); *Miller v. United States*, 735 F.3d 141, 147 (4th Cir. 2013). However, Sarratt is not entitled to resentencing on that basis alone. The case law that he cites to

the contrary—*United States v. Chambers*, 956 F.3d 667 (4th Cir. 2000) and *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021) —relates to resentencing under § 404(b) of the First Step Act. *See Collington*, 995 F.3d at 355–56; *United States v. Lancaster*, 997 F.3d 171, 175 (4th Cir. 2021). Sarratt is not eligible for relief under that provision, because he was not convicted of a "covered offense" under § 404(b). *See Lancaster*, 997 F.3d at 174 (explaining "covered offenses").

Sarratt instead sought a sentence reduction by invoking the "heightened standard" of "extraordinary and compelling reasons." *See United States v. McCoy*, 981 F.3d 271, 287 (4th Cir. 2020). Under that rubric, the Court agreed with Sarratt that the fact that Sarratt could no longer be sentenced as a career offender constituted an "extraordinary and compelling reason" for a sentence reduction. *See* ECF No. 62 at 8. However, the Court subsequently determined that a sentence reduction was not warranted under the facts of Sarratt's case.

**IT IS THEREFORE ORDERED** that the Motion for Reconsideration (ECF No. 63) is **DENIED**.

Signed: March 22, 2022

Graham C. Mullen
United States District Judge